Good morning. May it please the Court. My name is Deirdre Arnett. I'm here representing the petitioner, Monica Laffont-Irigoyen. If I may, I'd like to reserve three minutes for rebuttal. All right. Thank you. I'd like to more fully explain two points made in the briefing. Can you keep your voice up a little bit? Sure. Thank you. I'd like to more fully explain two points made in the briefing. First is that Monica Laffont-Irigoyen is not an aggravated felon. The record of her State court conviction doesn't identify the underlying drug. As a result, we have to look to the Alaska drug schedules to identify the drug. The Alaska schedules don't match up with the Federal drug schedules. As a result, facially, it's not clear that she would have been. Well, now, the State, was it an information? Is that what she pleaded, NOLO, to? Yes. And it listed the drug as Mandrax? No. It did not list a drug. Actually, if you look at – it just says misconduct in the third degree with a controlled substance. It doesn't identify a drug at all. I can't hear you. It doesn't care, has that. All right. If you look at the – Let's look at the information. Where is that in the ER? The information. If that's what it's called. Well, if you look at her judgment, she was convicted of – she pled to count three, misconduct involving a controlled substance in the third degree. What did the charging document charge her with? The indictment in count three, it was unlawfully and knowingly delivering a Schedule II controlled substance. There's no indication of what the substance is. In the information, likewise – Can you tell me what page you're looking at? I'm sorry. The information, I'm looking at – The indictment, first of all, you just referred to. The indictment? We are at 928, Your Honor. 928, thank you. Yes. Count three. 928, which is what? Schedule IIA controlled substances, right? I'm sorry, Your Honor. I misunderstood the question. I thought you were asking for the reference in that. That's what it says on 928, a Schedule IIA controlled substance. Yes, a Schedule IIA controlled substance. And then the information is on what page? The information is on 932, count three. I'm sorry. The information actually doesn't indicate the October 30th conduct that was the crime she actually pled to. So the indictment offers no information with respect to the crime that she pled to. The information. So what you have is her no low plea to misconduct with a controlled substance in the third degree and then you have the indictment which only indicates unlawfully and knowingly delivering a Schedule IIA controlled substance. There's no indication of what that substance is. So when you compare the Alaska schedules with the federal schedules, they don't match up. So she's not an aggravated felon under the Taylor analysis. The government tries to avoid this conclusion by looking at documents outside of the record. And that's prohibited under Ninth Circuit case law. As a result, she is entitled and she's eligible to asylum. And she's not barred as an aggravated felon. The second point I wanted to address is that she's also entitled to mandatory relief of withholding. She established persecution by groups the government is unable or unwilling to control. For example, the Mexican school system did not protect her from violence. Her teachers called her repeated names. She often came home with broken nose or split lip. Her state employer also didn't protect her. She was sexually assaulted, culminating in an attempted rape. The country conditions evidence corroborates her own testimony. The police don't prosecute crimes against gays and lesbians. Her close friend of the law. Well, a couple of the crimes that she claims, though, she never reported them to the police, right? No, she did not report. And so she gets into difficulty here in that, you know, how can she say that the government wouldn't do anything about them? The crimes that she did not report to the police were the two rapes and then the attempted rape. That her teachers in the school system did nothing to protect her. And I think what's most dispositive of the climate in Mexico for women like Monica Lafont-Uruguay. So what she said, she reported them to the teachers instead of the government. And then, you know, my understanding of the, I mean, she, when she ultimately talks about them, doesn't she relate them to her homosexuality and that it was a cousin and a boyfriend or something, an ex-boyfriend? Is that right? That's correct. I mean, who did she say she reported them to? She testified that she first told her parents, who did nothing. All right, but that can't be a basis. No, and it's not a basis. But you have to, if you take a step back and you look at the climate in Mexico, she's testified gays and lesbians are not protected by the police. They don't prosecute crimes against her. The country report conditions indicate the exact same. Well, but I guess also, if we're going to talk about the record, wasn't she sent back after her convictions and she lived there and she actually openly fought, you know, for rights for gay people in Mexico and didn't suffer any harm as a result of that? When she came back in 1994, in fact, her friends were so terrified to be seen with her that they purchased a ticket for her to come back to the United States. She was followed by the police. Any attempts she made to protest for gay and lesbian rights were broken up by the police. Based on her experience, her friend who looked like her, acted like her, wore men's clothing, assumed a masculine appearance, was murdered, and there was no prosecution of that crime. She feared that she would be next. After that incident, she went into hiding. Until she could save enough money to flee to the United States, when she went back, she had every reason to believe that that same occurrence would happen. And, in fact, that was so well recognized, her friends requested, bought her a ticket to come back to the United States. So her testimony corroborated. Now, the IJA found her to be not credible, but the BIA doesn't speak to that, right? The BIA actually assumes her credibility. Right, so we have to assume her credibility. That's correct. And based on her credible testimony, in addition to the country condition reports, it's clear the Mexican government does not prosecute crimes against gays and lesbians. She has not been safe in the school system. She has not been safe in government employment. She has not been safe on the streets. Do you want to save time? I do want to save time. Thank you very much. Okay, thank you. Good morning. Good morning. May it please the Court, Shelley Goad on behalf of the United States Attorney General. As Ms. LaFont's counsel points out, the issue in this case is not Ms. LaFont's removability. The issue involved in this petition for review is whether Ms. LaFont demonstrated her eligibility for the relief she requested, that being asylum, withholding of removal, and protection under the Convention Against Torture. That being said, Ms. LaFont failed to demonstrate that she was not precluded from demonstrating eligibility for asylum as an alien convicted of an aggravated felony. That is, because she was not charged with being removable as an aggravated felon, she bore the burden of demonstrating her burden, that she was not convicted of an aggravated felony precluding her eligibility for asylum. The pertinent regulation at play in this context states at 8 CFR 1240.AD that the alien shall have the burden of establishing that he or she is eligible for any requested benefit. And the second sentence states that if the evidence indicates that one or more of the grounds for mandatory denial, the application for relief, in this case being asylum, apply, then the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply. In this context, and Ms. LaFont does not dispute that she was convicted in 1994 of misconduct involving a Schedule II controlled substance in the third degree. And that's enough. Just according to your argument, if she was convicted of a Schedule II substance, then I guess under the categorical approach, or do we need to use the modified categorical approach? Well, no. If we were determining whether she were actually removable as an aggravated felony, the modified categorical approach would need to be used. But the government's argument is that in this case where removability is not at issue, where it was her burden to demonstrate that she was not convicted of an aggravated felony, and we have the conviction admitted and in the record, the conviction of misconduct involving a Schedule II controlled substance, then the burden then to demonstrate by a preponderance of the evidence that this is not an aggravated felony. And because Ms. LaFont failed to demonstrate to the agency that the controlled substance involved in her claim was not one listed under the Federal Schedules, then she failed to meet her eligibility, her burden of demonstrating eligibility. And in fact, she admitted several times before the agency that the controlled substance was an aggravated felony. She never contested this. So when counsel for the petitioner makes the argument that the government, just so that I understand this, that you're going outside the record to prove that it's an aggravated felony, you're saying, no, we're not proving that it's an aggravated felony. It was her burden under the preponderance of the evidence to show that, you know, it wasn't. And you can look to other things, that that's not controlled by the same case law as when you're trying to remove someone because it's an aggravated felony. That wasn't a very good explanation, but am I getting that? No, absolutely. That's a good summation of the government's argument. Okay. Absolutely. And I just wanted to point out that Ms. LaFont never disputed before the agency that the controlled substance involved was not cocaine. In fact, that's an argument that she makes to this court for the first time. And that's another reason that she failed to demonstrate her burden of demonstrating that she wasn't convicted of an aggravated felony before the agency. And moving on to the withholding of removal and protection on the merits. The government submits that a reasonable finder would not be compelled to find that petitioner demonstrated eligibility for withholding of removal. Okay. So we have to assume credibility here because the BIA didn't. Yes. Yes. The IJ did make an adverse credibility determination, and the board simply stated, even assuming that petitioner was credible, she failed to demonstrate that she met her burden of demonstrating a clear probability of persecution in Mexico. Right. If you assume that she was raped twice and that her friend was murdered and that the police didn't do anything about it and that she is a gay woman and that there are issues regarding how gays are treated in Mexico, why wouldn't it compel a different result? What's in the record that would? With regard to her claim that she was persecuted in the past, the board's decision and reasonable determination is that she failed to demonstrate that that persecution was something the Mexican government was unable or unwilling to control, pertinent being that Ms. LaFont failed to report the alleged incidents in which she was raped at age 12 and age 17 to the authorities, such that crediting her testimony and considering the evidence, the Court should be unable to conclude that a reasonable fact finder would be compelled to conclude that the Mexican government must bear some responsibility for the rapes. And furthermore, with regard to the other harms alleged by the petitioner, the harassment by her boss in Mexico, it should be pointed out that Ms. LaFont actually worked for the state from 1981 to 1987. When her boss allegedly harassed her, when she found out she was involved with until 1987, when she claims that she left to find a better job because of computer training, and such that the name-calling she suffered at school and the job demotion, if you call it that, the transfer, in the cumulative, wouldn't rise to the level of persecution. Now, Ms. LaFont only challenges the agency's determination that she failed to create a rebuttable presumption, that is, she failed to challenge in her opening brief that independent from that, the evidence didn't conclude that a clear probability of persecution should she go back. As pointed out in the counsel's argument, after she, Ms. LaFont, was removed in 1994 for the conviction that causes her to be ineligible for asylum, she did remain in Mexico for approximately 12 months until 1995 and until she came back without having been harmed, and she apparently did frequent a particular gay bar in Pueblo. She does claim she was followed by the police, but she also admits she was never detained. Nothing happened to her. She also went back for several months in 1997, and apparently nothing happened to her there. Kennedy. Listen, I want to get back to this argument. I just noticed something on the asylum claim. You argued that under the asylum claim that the Petitioner has the burden of proving that she's not an aggravated felon. Is that right? That's right. But that's not the basis on which the BIA decided this case. The BIA said the immigration judge correctly determined that Respondent is ineligible because she committed an aggravated felony. In other words, they made a finding that she committed an aggravated felony, so don't we – and that's what's being disputed, that she didn't commit. Don't we have to decide that question? Yes. Well, based upon the arguments made to the Board, that is, Ms. LaFont never disputed that the controlled substance at issue was cocaine, such that the Board – there was no reason for the Board to engage in the analysis of whether she met her burden or not. According to what was – Well, the Board doesn't say that. Well, according to – And we're confined to reviewing the decision of the Board. Yes. No, we can't supply reasons for the Board to then give itself. No. But according to what was argued before the agency – It doesn't matter what was argued. It's what was decided. Decided at the time. Well, Ms. LaFont was not disputing that the substance was controlled – was cocaine. The only argument she made to the Board was that her crime wasn't punishable for more than one year. Given that she admitted to the agency – Well, that's discussed – that part's discussed in the opinion, but, you know, not whether or not the other grounds raised in the brief here as to why it's not an aggravated felony. Again, we would argue because they weren't made to the Board. The Board didn't have any reason because Petitioner was admitting that the controlled substance was cocaine, and that's the only dispute to this Court as to whether or not the crime is an aggravated felony. So on that issue, then, on the asylum issue, the aggravated felony issue, your position is that the only issue that was raised before the Board was the one-year requirement. Yes. And the other argument made here about, you know, whether it involved a controlled schedule, whatever, scheduled substance and so forth, were not raised, so they're not below, so they can't be raised here. Exactly. In your red brief, I was looking at page 16, you say the Board ruled that the immigration judge properly held that the Petitioner's conviction for misconduct involved a controlled substance in the third degree, constituted an aggravated felony as a drug trafficking offense, so that the Board apparently, according to your argument, held that the I.J. correctly made that determination. Again, we would argue that that's because of the arguments that were being made to the agency. Because there was no dispute at the agency level that the controlled substance at issue was cocaine, then that was that as far as the agency was concerned, and that was appropriate. And so because of the argument as to whether the – what the controlled substance I suppose we had to use the typical modified categorical approach or categorical approach. I believe you argued in your brief that applying the – probably the categorical approach, or maybe the modified, that there was a fit between the State conviction and the Federal offense, a violation for aggravated felony. Well, there is a fit. Categorically, the Government concedes that the crime is not a fit. Because Ms. LaFont pled no load to Count 3, which stated that she did unlawfully and knowingly deliver a Schedule IIa controlled substance, and because that is punishable under the Controlled Substances Act at 21-8 U.S.C. 841a1, it does fit within that. And it is punishable by law. Well, but part of the argument is that the Schedule under State law is broader than the Schedule under Federal law, right? Yes, that is correct. And again, going back to that, Petitioner conceded, admitted before the agency throughout – indicated throughout the record in several different places that the substance at issue without her particular conviction was cocaine. So before the agency, that wasn't an issue. Yes, that's correct. If there are no further questions? Yes. Any further questions from the panel? All right. Thank you for your argument. Thank you. I'd like to respond, if I can, to the assertion that Petitioner conceded that cocaine was at issue. I'm not sure if I'm hearing this correctly, but I believe it was stated by the briefing before this court, the question of – Well, what grounds did she raise before the BIA in support of her contention that this was not an aggravated felony? Before the BIA – One, she raised the one-year issue, right? She raised the one-year issue. She – What else did she raise before the BIA, in support of that argument that it's not an aggravated felony?  and the one-year felony. One-year felony. What does that mean? In the – Did she say that it's not an aggravated felony because this conviction is not for a controlled substance? She submitted that this is not an aggravated felony because she doesn't meet the standard. It's not a felony, and that was the prong that was focused on, but it wasn't precluded. In fact, the request was that they go back for further evidentiary determination to determine whether or not it was an aggravated felony. That issue has never fully been determined, and in large part, it can't be determined because based on the record of conviction, the government really wants to get out of it, but can't. Ninth Circuit case law is clear. You can only look at the record of conviction to make this determination because a court of appeals should not be looking backwards and having a mini-trial on the substance of a conviction. The government's burden when she was convicted in 1994 was to submit all of the sufficient evidence to demonstrate. Kennedy. Why doesn't the controlled substance section 2 or whatever it is, why doesn't that satisfy under the categorical approach? Well, it would if the schedules were the same. The problem is the schedules aren't the same. What's the difference? What's the difference? Yeah. The Alaska schedule identifies mandrax, which is not identified on the Federal Schedules. Now we're getting there. It finally gets to the mandrax.  Yes.  And you're contending that because mandrax is contained within this schedule 2 group, that's beyond the Federal offense for an aggravated felony. Yes. Mandrax is simply another name for what drug? Methadone? Those are both listed separately on the Alaska schedules. So if they are the same, I'm not sure why they're both identified. But that also hasn't been an issue raised at all in the case. There's been no evidence to indicate that any of those drugs are related or even the same. And truly, if the government had done its job in 1994 and submitted all of the evidence that it felt was important in this case, they would have identified the drug. They didn't identify the drug. That's the deficiency in the record. What about the government's argument that in this proceeding, the Petitioner had the burden to show that it was not an aggravated felony? She meant that burden. Going within the confines of the record, which is what she's limited to, the record doesn't – she can't prove a negative. She's met her burden with respect to the categorical and the modified categorical approach. The only thing she can show is that she doesn't fall within a crime that would be prohibited under the Controlled Substance Acts. Cazares is very, very clear. In immigration cases, you need a national approach to the Federal Controlled Substance Act. You're not going to look at the individual states. Someone has to be convicted of a crime under the Controlled Substance Acts. It has to be an equivalent. Here, there's no evidence in the record. Well, if she had the burden, so you're conceding she did have the burden on that point? I'm conceding that statutorily she has to show that she's entitled to the relief she's seeking. And I submit that she has. She cannot prove a negative. Based on the evidence in the record, she's demonstrated that the Alaska statute is broader and that she can't be an aggravated felon. Well, I suppose you could. I mean, the argument could be made. You would know what you were convicted of. And you could say, well, I was convicted of having, you know, allergy pills. And that isn't the same as what she doesn't. And there's obviously somewhere in the record about it being cocaine. What the government is pointing to is an affidavit that was written eight years after her conviction. And that was to address whether or not she had been convicted of a particularly serious crime and whether or not she was eligible for withholding. So that's taken entirely out of context. Well, but if it's her burden to prove that she wasn't convicted of an aggravated felony, and somewhere in the record she has an affidavit where she said she was convicted of cocaine, doesn't she have to address that? The Ninth Circuit case law does not. There's no case, and I would challenge the government to come up with a case that indicates there's a separate standard in this context for an immigrant to determine that she's not an aggravated felon. The burden is the categorical and modified approach. That's the test that is used. Because Cazares is very clear. We want a national standard for that. But Cazares deals with the government proving it, right, when it's the government burden? Who's trying to remove? Correct. But if we were able to go outside of the record of conviction, we would have a totally different standard in this context in the immigration cases, and that I'm not sure I buy that they're two sides of the same coin. But I've got to think about that. Are there any further questions from the panel? You've used your time. Thank you for your argument. Thank you very much.
judges: Thompson, Tashima, Callahan